■ RANDY MARSHALL, Appellant, v JULIE DARMODY-LATHAM, Respondent and Third-Party Plaintiff. CINDY RALL et al., Third-Party Defendants-Respondents. [783 NYS2d 738]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered October 3, 2003. The order granted defendant's motion for summary judgment dismissing the complaint and dismissed the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. Plaintiff commenced this action seeking damages for injuries he sustained when he was bitten by defendant's dog, an American bulldog named Apollo. The dog had been rescued from an abusive environment by the Central New York Society for the Prevention of Cruelty to Animals (SPCA) and placed in its shelter on February 10, 1999. Apollo was adopted by defendant on or about July 16, 1999, and the incident giving rise to this

action occurred three years later, on July 18, 2002. Defendant testified at her deposition that she had never seen Apollo bark or growl at anyone, nor had she seen him bite anyone. She was aware that he had been in dog fights before he was rescued and had scars on his face, but she had no knowledge how he acquired the scars. She also knew that he was bitten by another dog while at the SPCA shelter. He occasionally barked at a passing animal and once growled at a groundhog.

The cruelty investigator for SPCA averred in a supporting affidavit that she rescued Apollo and in all the time she knew him he was gentle and friendly. She never saw him bite, growl or bare his teeth and she never told defendant that Apollo was prone to violence.

Plaintiff's deposition was also submitted by defendant. Plaintiff testified that he had seen Apollo before and he "seemed fairly friendly." On the day of the incident he was walking his dog, Lucy, with third-party defendant Cindy Rall and her dog, Emma. They saw defendant and Apollo, and Apollo came over to them. Plaintiff petted Apollo, who kept running around. Emma, a golden retriever, was standing and wagging her tail when Apollo suddenly charged her, grabbing her by the neck. Plaintiff was injured as he tried to protect Emma from further attack. He testified that, although he did not see which dog bit him, he was certain it was Apollo. The emergency room record attached to defendant's affidavit states, however, that plaintiff believed that he had been bitten by a golden retriever.

"[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (*Collier v Zambito,* 1 NY3d 444, 446 [2004]). Here, defendant established that she had no knowledge that the dog had vicious propensities.

Plaintiff relies on evidence that Apollo had been involved in fights before he was rescued, had scars, and had been bitten by another dog at the SPCA shelter, and that the SPCA rescuer had told defendant that Apollo should be "socialize[d] . . . carefully" with other dogs. In the absence of any evidence that Apollo was the aggressor in any previous dog fights, none of which occurred after defendant adopted Apollo three years before the incident that gave rise to this action, plaintiff has failed to raise an issue of fact whether defendant knew or should have known that Apollo had vicious propensities. Present— Pine, J.P., Scudder, Kehoe, Martoche and Lawton, JJ.